UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| BENJAMIN F. GOHLSTIN, JR., | : | CASE NO. 1:15-CV-0729 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 1] |
| KEY BANK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Benjamin F. Gohlstin, Jr. filed this action against Key Bank.  In the Complaint, Plaintiff alleges the Defendant breached a mediation agreement in violation of the Americans with Disabilities Act.  He does not state the relief he seeks from this Court.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2).  That Motion is granted.

**I.  Background**

Plaintiff alleges Key Bank breached a 2007 mediation agreement with the Cuyahoga County Alcohol, Drug Addiction, and Mental Health Services ("ADAMS") Board.  He states the agreement required him to receive training and education to have opportunities for employment. He claims he obtained a degree in business administration from Cleveland State University, and has upheld his part of the agreement.  Finally, he claims Defendants' representatives assaulted him.  He asserts he filed his case under the Americans with Disabilities Act because he disclosed his mental health disability at the mediation.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. A claim lacks an arguable basis in law or fact when it is based on a meritless legal theory or when the factual allegations are clearly baseless.[1] A cause of action fails to state a claim upon which relief may be granted when it does not contain sufficient facts to demonstrate the Plaintiff has a plausible claim for relief.[2] In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.

## III. Analysis

Plaintiff's Complaint fails to state a claim upon which relief may be granted. He indicates he is entitled to relief under the Americans with Disabilities Act ("the ADA"), which prohibits an employer from discriminating against a qualified individual in the hiring process on the basis of a disability.[3] Plaintiff alleges he has a mental disability but he does not allege he applied to Key Bank for a job, that he was qualified for that job, that Key Bank personnel were aware of his disability and that he was refused employment on the basis of his disability.[4] Plaintiff does not allege enough facts to state a claim for relief under the ADA.

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[3] 42 U.S.C. § 12102

[4] *See Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir .2008) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)).

In addition, Plaintiff asserts claims for breached a mediation agreement and assault. These are state law claims. For the Court to have jurisdiction over these state law claims, Plaintiff must have related federal law claims before the Court.[5] Because Plaintiff's ADA claim was dismissed, the Court declines jurisdiction over his state law claims.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.


Dated: August 19, 2015                    *s/      James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[5] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

[6] 28 U.S.C. § 1915(a)(3) provides that a Plaintiff may not proceed *in forma pauperis* on appeal if the trial court certifies an appeal cannot be taken in good faith.